UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    Case No: 1:14-41126-ess

Francis Group Holding Corp,                    Chapter 11

                      Debtor.
------------------------------------------------------------x

## APPLICATION FOR AN ORDER
## GRANTING RELIEF FROM THE AUTOMATIC STAY

      12-18 Walworth Street, LLC., (the "Secured Creditor"), a secured creditor of the real property located at 180 Linden Boulevard, Brooklyn, New York 11226 (Block 5088; Lot 12)(the "Property")[1] respectfully submits this application (the "Application") for the entry of an Order granting the Secured Creditor relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1), or in the alternative pursuant to 11 U.S.C. § 362(d)(2), waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3), and for such other and further relief as the Court deems just and proper. In support of this Application, the Secured Creditor respectfully states as follows:

## PRELIMINARY STATEMENT

      1.     The Debtor's *pro se* Chapter 11 case was clearly commenced bad faith and solely for the purpose of preventing the Secured Creditor from exercising its right to foreclose upon mortgages secured by an asset which the Debtor recently transferred to another entity. Notably, this case represents the Debtor's fourth (4th) Chapter 11 filing before this Court, the most recent of which was dismissed with prejudice and barred the Debtor from refiling any petitions before this or any other Bankruptcy Court for a period of two (2) years.

      2.     It is well-settled that a corporate debtor may not appear *pro se* before this Court.

---

[1] Upon information and belief, the Property consists of a four (4) story building containing thirty-six (36) residential apartment units.

Notwithstanding, the Debtor herein, which is a New York Corporation that was formed on July 29, 2011, is attempting to appear *pro se* before this Court.  A copy of a search of New York Department of Corporations website demonstrating same is annexed hereto as **Exhibit "K"**.

3. Furthermore, the improper motive of the Debtor in commencing this case on March 13, 2014 (the "Petition Date") are further confirmed by the fact that the Debtor has made no filings, not even to file required schedules (other than Schedules A & D), a corporate resolution, a corporate ownership statement, or an application to retain counsel all of which the Debtor was required to have filed not later than March 27, 2014.  Accordingly, the Debtor has no intention (or ability) to reorganize, but rather simply seeks to prevent the Secured Creditor from exercising its rights which derive from agreements related to pre-petition loans made to and fully utilized by the Debtor.

4. Moreover, the Debtor's bad faith is further evidenced by the fact that although the Debtor filed its petition for Chapter 11 bankruptcy relief before this Court **merely one (1) hour** prior to the scheduled foreclosure sale, the Debtor had previously (and without the knowledge or permission of the Secured Creditor) transferred all of its right title and interest to the real property commonly known as 180 Linden Blvd., Brooklyn, New York (Block 5088; Lot 12) (the "Property") to another entity.

5. Thus, at its core, this chapter 11 case is a two-party dispute between the Debtor and the Secured Creditor - a dispute that was recently resolved in favor of the Secured Creditor by the issuance of the Judgment of Foreclosure and Sale dated November 26, 2012.

6. Accordingly, and for the reasons set forth more fully below, the Secured Creditor respectfully requests that this Court enter an Order granting the Secured Creditor relief from the

automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1), or in the alternative, under the theory that the Debtor lacks an equity in the Property pursuant to 11 U.S.C. § 362(d)(2), waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3), and for such other and further relief as the Court deems just and proper.

## JURISDICTION

7.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

8.  The statutory predicates for the relief requested herein are 11 U.S.C. §§ 361, 362(d)(1) and 362(d)(2) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 4001 of the Federal Rules of Bankruptcy Procedure (the "Rules").

## BACKGROUND

**The Secured Creditor's Claim to the Property**

9.  The Secured Creditor's interest in the Property is evidenced by a Judgment of Foreclosure and Sale dated November 26, 2012 (the "JFS"), awarding the Secured Creditor the sum of $2,047,498.47 as of August 21, 2012, plus interest due thereon, and entitling the Secured Creditor to foreclose on the mortgages secured by the Property. A copy of the JFS is annexed hereto as **Exhibit "L"**.

**The Loan, Note and Mortgage**

10. On or about January 25, 2007, Washington Mutual Bank, a federal association ("WAMU"), made a loan to the Debtor, in the original principal sum of $1,100,000.00 (the "Loan"). The Loan was evidenced by an Amended and Restated Promissory Note (the "Note")

dated August 3, 2004, which was executed by the Debtor, through its Vice President, Roger Francis ("Francis").  A copy of the Note is annexed hereto as **Exhibit "A"**.

11. To secure repayment of the indebtedness evidenced by the Note, on or about January 25, 2007, Francis, on behalf of the Debtor, further executed and delivered to WAMU, an Amended and Restated Mortgage, Security Agreement, Assignment of Leases and Rents, and Fixture Filing, which encumbered the Property in the principal sum of $1,100,000.00 (the "Mortgage").  A copy of the duly executed Mortgage, which was recorded with the Office of the City Register of the City of New York, County of Kings (the "City Register") on June 25, 2007 under CRFN 2007000327462 is annexed hereto as **Exhibit "B"**.

12. The Loan, Note and Mortgage were thereafter assigned by WAMU to U.S. Bank National Association, A National Bank, as Trustee for the Holders of WAMU Commercial Mortgage Securities Trust 2007-SL3, Commercial Mortgage Pass-Through Certificates Series 2007-SL3 ("US Bank") pursuant to a certain Assignment of Mortgage (the "US Bank Assignment"), dated December 18, 2007 and recorded in the City Register on December 28, 2007, as CRFN 2007000630981.  A copy of the US Bank Assignment is annexed hereto as **Exhibit "C"**.

13. The Loan, Note and Mortgage were thereafter assigned by US Bank to the Secured Creditor pursuant to a certain Assignment of Mortgage and Other Loan Documents, dated November 30, 2011 (the "Walworth Assignment") and recorded in the City Register on December 14, 2001, as CRFN 2011000436542.  A copy of the Walworth Assignment is annexed hereto as **Exhibit "D"**.

**Debtor's Default Under the Loan**

14. The Debtor defaulted under the terms of the Note and Mortgage by failing and/or refusing to make the monthly mortgage payment as required under the terms of the Note and Mortgage on or about November 1, 2008 (the "Default").

**The Foreclosure Action**

15. As a result of the Default and the Debtor's failure to cure same, on or about March 17, 2009, U.S. Bank commenced an action to foreclose the Mortgage (the "Foreclosure Action") under Index No. 6391/2009, by filing a Summons, Verified Complaint and Notice of Pendency in the Kings County Supreme Court, State of New York (the "State Court").

16. By Order Appointing Receiver (the "Receiver Order") of the State Court dated April 22, 2009, Harry Horowitz (the "Receiver") was appointed as Temporary Receiver over the Property of the Debtor. A copy of the Receivership Order is annexed hereto as **Exhibit "E"**.

17. Notably, and as discussed more fully below, custody, possession and control of the Property was briefly turned over by the Receiver to the Debtor for a period of time when the Debtor filed its first petition for Chapter 11 bankruptcy relief (the "Debtor's Third Filing") on April 16, 2010. Notwithstanding, the Receiver regained custody, possession and control of the Property upon the dismissal of the Debtor's Third Filing, which occurred on or about May 23, 2011.

18. Thereafter, on or about October 4, 2011, the Receiver moved the State Court, before the State Court to appoint secondary fiduciaries and related reliefs. In connection therewith, Horowitz noted for the State Court that upon commencement of the receivership, not less than 180 violations were assessed against the Property from the New York City Department

of Housing Preservation and Development ("HPD") and that under the Debtor's management, the Property was listed on HPD's 200 worst multiple dwelling buildings.

19. On November 26, 2012 the State Court entered the JFS, entitling the Secured Creditor to foreclose upon the Property.

20. As of the date hereof, the Receiver remains in custody, possession and control of the Property.

**The Debtor's History of Prior Bankruptcy Filings**

21. The Debtor is not a stranger to the Bankruptcy Court. In fact, prior to the instant filing, the Debtor was a debtor in not less than three (3) prior Chapter 11 filings before this Court.

22. The Debtor's first Chapter 11 filing before this Court was on March 2, 2004 under Case No. 1:04-13002-jf (the "First Filing"). In the First Filing, the Debtor was represented by Jeffrey Rosenberg, Esq. of Pitnick & Margolin LLP. The First Filing was dismissed pursuant to 11 U.S.C. § 1112(b) at the Debtor's request by Order of this Court dated July 30, 2004 ("First Dismissal Order"). A copy of the First Dismissal Order is annexed hereto as **Exhibit "F"**.

23. Thereafter, the Debtor filed its second petition for Chapter 11 bankruptcy relief before this Court on April 16, 2010 under Case No. 1:10-43296-jf (the "Second Filing"). In the Second Filing, the Debtor was represented by Mark Frankel, Esq. of Backenroth Frankel & Krinsky LLP. The Second Filing was dismissed on May 23, 2011, pursuant to 11 U.S.C. § 1112(b) on motion of the United States Trustee (the "UST's Motion") for reasons which included, but were not limited to an absence of adequate stewardship of that case, failure to pay statutory fees, failure to comply with mandatory reporting requirements, and failure to file any

written opposition to the UST's Motion ("Second Dismissal Order").  A copy of the Second Dismissal Order is annexed hereto as **Exhibit "G"**.

24. On July 11, 2011, the Debtor filed its third petition for Chapter 11 bankruptcy relief before this Court under Case No. 1:11-45999-jf (the "Third Filing").  In the Third Filing, the Debtor was represented by Gerard Karlen, Esq.  The Third Filing was dismissed pursuant to 11 U.S.C. § 1112(b)(1) on motion of US Bank by Order of this Court dated August 10, 2011 ("Third Dismissal Order").  A copy of the Third Dismissal Order is annexed hereto as **Exhibit "H"**.

25. Notably, the Third Dismissal Order dismissed the Third Filing with prejudice for a period of two (2) years from the date of the Third Dismissal Order, pursuant to 11 U.S.C. § 1112(b)(1), after a finding of substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.  The Third Dismissal Order further provided:

> "*[T]here has been "gross mismanagement of the estate" pursuant to subsection (b)(4)(B); there has been "failure to maintain appropriate insurance that poses a risk to the estate or to the public" pursuant to (b)(4)(C); and for "failure to timely provide information or attend meetings reasonably requested by the United States Trustee" pursuant to (b)(4)(H); and this case is dismissed with prejudice to refilling for two years from the entry of this order, pursuant to 11 U.S.C. § 105(a), based on this Court's determination that this case was filed in bad faith, as it was filed: (i) less than 60 days after the dismissal of debtor's prior chapter 11 case, Case No. 10-43296 (JF) (the "Prior Case"); (ii) 11 days after the Court denied a motion to reconsider dismissal of the Prior Case; and (iii) before the Court closed the Prior Case, with no bona fide change of circumstance warranting debtor's re-filing.*" (emphasis added).

See Third Dismissal Order is annexed hereto as **Exhibit "H"**.

26. In addition, the Third Dismissal Order restored the Receiver to custody, possession and control of the Property pursuant to 11 U.S.C. § 543(d).

27. Following a similar pattern of disregard for the policies and procedures of the Bankruptcy Court, the Debtor filed its instant petition on the Petition Date, without any counsel. In addition, the Debtor has failed to file any schedules or file any other required documents required of a Chapter 11 debtor or seek an extension thereof, and the time for the Debtor to take such action has elapsed.

28. Furthermore, as indicated in the accompanying Certification of Mordecai Spira, as of the date of this Application, the Debtor has failed to tender any payments to the Secured Creditor, in the form of adequate protection or otherwise, providing cause for the relief sought herein pursuant to 11 U.S.C. § 362(d)(1).

**Transfer of the Property by the Debtor**

29. By deed dated August 23, 2013 (the "Linden Deed"), without the permission or knowledge of the Secured Creditor, the Debtor, by Roger Francis, transferred all of its right, title and interest in and to the Property, to an entity known as 180 Linden Blvd. Corporation. A copy of the Linden Deed, which was filed with the City Register on September 10, 2013 as CRFN 2013000368385 is submitted herewith as **Exhibit "I"**.

**The Petition**

30. On March 13, 2014, literally one (1) hour before the foreclosure sale scheduled by the Secured Creditor was to occur, the Debtor filed its instant petition for Chapter 11 bankruptcy relief before this Court under Case No. 1:14-41126-ess.

31. Notably, all of the documents filed in connection with the Debtor's instant filing consist entirely of (i) the Debtor's three (3) page Petition, (i) Schedule A (indicating that the Debtor retains a multifamily piece of real property commonly known as 1194 Nostrand Avenue,

Brooklyn, New York having a current value of $3,000,000.00), and Schedule D (indicating that the Debtor believes that a mortgage obligation of the Debtor in connection with the aforementioned property exists in in the amount of $2,200,000.00). A copy of the Debtor's petition is annexed hereto as **Exhibit "J"**.

32. Clearly, and as more fully set forth in the accompanying Memorandum of Law, the Debtor's failure to list or identify the Property in its petition and schedules provides additional cause for this Court to conclude that the Debtor lacks an equity in the Property, and the Secured Creditor should be granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

## THE APPLICATION

33. The Secured Creditor hereby requests that this honorable Court enter an Order granting the Secured Creditor relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), or in the alternative pursuant to 11 U.S.C. § 362(d)(2), waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3), and for such other and further relief as the Court deems just and proper.

## RESERVATION OF RIGHTS

34. The Secured Creditor expressly reserves its right to amend or supplement this Motion, to introduce evidence supporting this Motion at the hearing on the Motion, and to file additional and supplemental objections as the Secured Creditor deems advisable.

## NOTICE

35. Notice of this Motion has been provided to the Office of the United States Trustee, to the Debtor, to the Debtor's 20 largest creditors and those parties entitled to notice in

this chapter 11 case. In light of the nature of the relief requested, the Secured Creditor submits that no other or further notices need be provided.

36. No previous application for the relief sought herein has been filed before this Court in this case.

**WHEREFORE**, the Secured Creditor respectfully requests this Court enter Order granting the Secured Creditor relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1), or in the alternative, for the fact that the Debtor lacks an equity in the Property pursuant to 11 U.S.C. § 362(d)(2), waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3), and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
      April 2, 2014

                            KRISS & FEUERSTEIN LLP

                By:    *s/ Jason S. Leibowitz*
                          Jason S. Leibowitz (JL6718)
                          360 Lexington Avenue
                          Suite 1200
                          New York, New York 10017
                          (212) 661-2900
                          (646) 454-4168 - facsimile

                          *Attorneys for 12-18 Walworth Street, LLC*